IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00548-BNB

KURT PREUSS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 3 2007

GREGORY C. LANGHAM
              CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kurt Preuss, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center at Walsenburg, Colorado. Mr. Preuss initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He asks for injunctive relief.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Preuss will be ordered to file an Amended Complaint and name proper parties to the action.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Preuss may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. See **Will v. Michigan Dep't**

*of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief rather money damages for alleged violations of federal law and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policy regarding sex offender treatment violates federal law, Plaintiff must name the proper DOC officials responsible for establishing or implementing DOC policy.

If, however, Plaintiff is asserting that DOC employees are failing to abide by DOC policy, Plaintiff must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Preuss must name and show how the DOC employees caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Preuss file **within thirty days from the date of this Order** an Amended Complaint which is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Preuss, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that, if Mr. Preuss fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED April 13, 2007, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   07-cv-00548-BNB

Kurt Preuss
Prisoner No. 83654
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/13/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk