IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00548-LTB-BNB

KURT PREUSS,

Plaintiff,

v.

BILL RITTER, JR., Governor, State of Colorado,
ARISTEDES ZAVARAS, Executive Director DOC,
DAVE MICHAUD, Head of Parole Board, and
JOE STOMMEL, Head of SOTMP,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion for Summary Judgment** [Doc. # 31] (the "Motion") and **Defendants' Brief in Support of Motion for Summary Judgment** [Doc. #32] ("Defendants' Brief"), both filed 7/27/07. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S.

144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.

Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II. UNDISPUTED MATERIAL FACTS

1. The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility.

2. On June 2, 1994, the plaintiff was found guilty in the Boulder County District Court of five counts of sexual assault on a child by a person in a position of trust, and five counts of aggravated incest. He was sentenced to 25 years on each of the ten counts, to run concurrently. *Defendants' Brief*, Ex. 1, ¶ 4 and Attachment 1.

3. The plaintiff was also convicted of incest in the Larimer County District Court. He was sentenced on July 15, 1994, to a term of six years to run consecutive to his previous sentence. Id. at Ex. 1, ¶ 4 and Attachment 2.

4. The plaintiff's sentences are construed as one continuous sentence pursuant to section 17-22.5-101, C.R.S. His projected discharge date is June 26, 2021. Id. at Ex. 1, ¶ 9.

5. The plaintiff is not subject to an indeterminate life sentence. Id. at Ex. 1, ¶ 6.

6. The plaintiff is not classified as a sexually violent predator; he is classified as a sex offender. Id. at Ex. 2, ¶ 6 and Ex. 3, ¶¶ 3-4. His parole eligibility date was March 6, 2006. Id. at Ex. 1, ¶ 7. That date is based on fifty percent of his sentence. Id. The plaintiff will be discharged from the custody of the DOC once he reaches the end of his sentence, regardless of whether he is paroled. Id. at ¶ 6.

7. The plaintiff was terminated from the Sex Offender Treatment and Monitoring Program ("SOTMP") on September 9, 2004, because he had a fourth deceptive polygraph exam. *Complaint*, pp. 50-51 and Ex. 1.

8. On January 23, 2006, the plaintiff was presented to the Colorado State Board of Parole for consideration for release on parole. The Parole Board determined that the plaintiff would be deferred for three years and would be presented again in January 2009. *Defendants' Brief*, Ex. 1, ¶ 8 and Ex. 2, ¶¶ 5-6; *Complaint*, p. 13. The decision was based on aggravating factors/inadequate time served (circumstances of the offense) and the plaintiff's need for continued sex offender treatment. Id. at Ex. 2, ¶ 6 and attachment.

The Complaint asserts four claims. The claims are tedious and confusing; many of the allegations are repetitive; and two of the claims contain numerous subclaims. The plaintiff employs a "kitchen sink" approach to his claims, throwing in every conceivable allegation against

the defendants. I have closely examined the allegations of the Complaint in an attempt to ascertain the claims, and I summarize the claims below. To the extent the plaintiff attempts to bring claims other than those I identify, they are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

In Claim One, the plaintiff asserts the following:

1. Defendant Stommel[1] violated the plaintiff's Fifth Amendment right against self-incrimination by terminating him from SOTMP for failing a polygraph test. *Complaint*, p. 10 (caption) and p. 16, ¶ 5.[2] The defendant required the plaintiff to divulge past sexual conduct for which no criminal charges had been filed. Id. at p. 16, ¶ 5.

2. Defendants Ortiz and Zavaras reclassified the plaintiff at a higher security level and put him in a medium security facility without any due process after terminating him from SOTMP. Id. at caption and p. 15, ¶ 4. He was transferred to a facility where his family cannot visit him as often; the visits are not as physically comfortable; he is subject to greater security restrictions; the cells are not as comfortable; medical facilities are not as good and are more expensive; his standard of living is lower; and his time in the yard is more limited resulting in "worsened" health. Id. at pp. 14-15, 17.

---

[1]The plaintiff makes numerous references to former Governor Bill Owens and former SOTMP Director Peggy Heil in his Complaint. However, Owens and Heil are not named defendants. Therefore, I do not include Owens and Heil in my description of the plaintiff's claims.

[2]The plaintiff has inserted pages into the Court's form Complaint and has assigned them page numbers that are not consecutive in number. When I refer to page numbers of the Complaint, I do not use the plaintiff's numbers. I cite only to consecutive page numbers.

4

3. Defendants Ortiz and Zavaras instituted a new Administrative Regulation, AR 700-32, which does not meet the standards articulated in Beebe v. Hall, Civil Action No. 02-1993, for termination from SOTMP. Id. at caption and pp. 11-12, ¶ 2. Specifically, AR 700-32 allows therapists from the treatment team to make the final determination as to whether sufficient facts exist to affirm the therapists' termination recommendation. Id. at p. 11.

4. The plaintiff was terminated from SOTMP without due process. Id. at p. 10, ¶ 1.

5. Requiring the plaintiff to participate in sex offender treatment violates the Ex Post Facto Clause. Id. at p. 11, ¶ E.

6. Pursuant to AR 700-31, defendants Ortiz and Zavaras changed plaintiff's sex offender designation code to show that he has refused sex offender treatment. The designation makes the plaintiff ineligible for parole. Id. at pp. 12-13, ¶ 2.

7. The plaintiff's termination from SOTMP is in violation of his due process rights because without completion of SOTMP, he is ineligible for parole. Id. at pp. 13-14.

8. Defendants Ortiz and Zavaras have violated section 16-11.7-103, C.R.S., because they are not providing sex offender treatment as mandated by the statute. Id. at pp. 17-19.

In Claim Two, the plaintiff alleges that defendants Ortiz, Zavaras, Stanley, and Michaud have denied him earned time and good time, resulting in "an extra 10 years on his sentence." Id. at p. 21 (caption). He claims that the denial of earned time and good time violates state statutes, the Due Process Clause, the Equal Protection Clause, and the Ex Post Facto clause. Id. at p. 28.

Claim Three alleges the following:

1. Defendants Ritter, Stanley, and Michaud have violated the court's order that the plaintiff continue in sex offender treatment. Id. at p. 29 (caption).

5

2. Defendants Stanley and Michaud applied 2006 standards of parole to the plaintiff, who was charged for his crime in 1993, in violation of "an ex post facto rule." Id.

3. Defendant Ritter denied the plaintiff his right to see an unbiased parole board, "who have not made their decision before seeing the Petitioner." Id.

4. Defendant Ritter has created "a special class of prisoners based on a certain crime based on faulty facts and lies provided by the Defendants, Ortiz, Zavaras, . . . and Stommel as shown in *Beebe supra*." Id. Specifically, Ritter has a "no parole policy when it comes to sex offenders." Id. at pp. 31, 32. Further, they have classified him as a violent offender, which makes him ineligible for parole. Id. at p. 31. Defendants Stanley and Michaud have no good reason to deny parole to the plaintiff, so they must be pre-deciding to deny parole in violation of his due process rights. Id. at pp. 31, 32-33.

5. The plaintiff was denied parole because he hasn't completed SOTMP, in violation of his due process rights. Id. at p. 30, ¶ B.

6. The plaintiff was denied parole under laws that were created after he was charged for his crime in violation of the ex post facto law and his equal protection rights. Id. at p. 30.

Claim Four alleges that defendants Ortiz, Zavaras, Stanley, and Michaud classified the plaintiff as a violent offender. Id. at pp. 36-37. This classification makes him ineligible for parole until he has served 75% of his sentence and is in violation of state statutes, ex post facto laws, equal protection, due process, and "a Sixth Amendment right to a jury finding all the facts." Id. at p. 37, 38, 40.

The plaintiff seeks only injunctive relief. Id. at pp. 48-49.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Claim One

#### 1. Termination from SOTMP

The plaintiff claims that his termination from the SOTMP violated his Fifth Amendment right against self-incrimination because he was terminated for failing a polygraph test. *Complaint*, p. 10 (caption) and p. 16, ¶ 5. He further claims that he was terminated from the SOTMP without any due process. Id. at p. 16, ¶ 5. The defendants assert that the plaintiff's claims regarding termination are barred by the statute of limitations.

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; § 13-80-102, C.R.S. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

7

Here, it is undisputed that the plaintiff was terminated from the SOTMP on September 9, 2004, based on a deceptive polygraph exam. *Complaint*, pp. 50-51 and Ex. 1. Therefore, the plaintiff was required to assert his termination claims on or before September 9, 2006. The plaintiff did not initiate this action until March 9, 2007. Therefore, the plaintiff's claims regarding termination from the SOTMP are barred by the statute of limitations unless the limitation period is subject to tolling.[3]

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff does not provide any argument or evidence to demonstrate that he is entitled to equitable tolling on these claims. He merely asserts that the denial of due process did not affect him until he was denied parole. The plaintiff's ineligibility for parole is a separate claim and is discussed below.

## 2. Classification to Higher Security Level

The plaintiff claims that defendants Ortiz and Zavaras have reclassified him at a higher security level and have placed him in a medium security facility without any due process.

---

[3]The plaintiff claims that he failed the polygraph test because the defendants were attempting to coerce him into confessing to crimes for which he had not been charged. The plaintiff relies on Lile v. McKune, 224 F.3d 1175 (10th Cir. 2000), to support his claim that the defendants' actions violated his Fifth Amendment right against self-incrimination. In Lile, the circuit court found a violation of the Fifth Amendment under circumstances similar to those alleged by the plaintiff. However, the United States Supreme Court disagreed and reversed the circuit court's holding. McKune v. Lile, 536 U.S. 24 (2002). Notwithstanding the lack of supporting case law, should the plaintiff re-enter the SOTMP and thereafter suffer the same fate, he is not barred from reasserting a timely Fifth Amendment claim.

8

*Complaint*, caption and p. 15, ¶ 4. At the medium security facility, the plaintiff's family cannot visit him as often; the visits are not as physically comfortable; he is subject to greater security restrictions; the cells are not as comfortable; medical facilities are not as good, are more expensive, and he has to go without medications for up to a month at a time because of the substandard ways of ordering medications; his standard of living is lower; approximately 30 to 40 canteen items are no longer available at the canteen, including cough drops and other medical items; and his time in the yard is more limited resulting in "worsened" health. Id. at pp. 14-15, 17.

The plaintiff refers to Exhibit 6 of the Complaint in support of this claim. Id. at p. 15. Exhibit 6 shows that the plaintiff was reclassified and placed on the restricted privileges on September 14, 2004. As with his SOTMP termination claims, this claim is barred by the statute of limitations, and the plaintiff does not present any argument or evidence to show that he is entitled to equitable tolling.[4]

### 3. AR 700-32

The plaintiff alleges that defendants Ortiz and Zavaras have instituted a new policy, AR 700-32, which does not meet the due process requirements for termination from the SOTMP as articulated by Beebe v. Hall, 333 F. Supp. 2d 1011 (D. Colo. 2004). *Complaint*, p. 10 (caption) and pp.11-12. Specifically, the plaintiff asserts that under Beebe, the DOC is required to provide a due process hearing prior to terminating an inmate from the SOTMP. Id. at p. 12. The plaintiff

---

[4]I also note that, at the time he filed his Complaint and described the above-listed conditions, the plaintiff was incarcerated at the Huerfano Correctional Center in Walsenburg, Colorado. *Complaint*, p. 2. As of July 2, 2007, the plaintiff has been incarcerated at the Fremont Correctional Facility [Doc. #29]. The Complaint seeks only injunctive relief, and the plaintiff does not seek any injunctive relief related to this claim. Therefore, if this claim were not barred by the statute of limitations, it would be moot.

9

argues that AR 700-32 violates due process because it permits therapists to conduct the due process hearing instead of using an unbiased third party. Id.

On November 13, 2006, the court in Beebe ordered the DOC to reformulate its regulation to provide due process protections to inmates prior to termination from SOTMP.[5] The plaintiff was terminated from the SOTMP on September 9, 2004. Therefore, the plaintiff was terminated before the Beebe court entered its order, and he does not have standing to challenge the defendants' failure to meet the termination requirements of Beebe. See Bennett v. Spear, 520 U.S. 154, 162 (1997); Committee to Save the Rio Hondo v. Lucero, 102 F.3d 445, 447 (10th Cir. 1996). Moreover, as discussed above, the plaintiff is barred by the statute of limitations from challenging his own termination from the SOTMP.

### 4. Required Participation in the SOTMP

The plaintiff asserts that AR 700-19, which states that it is the DOC's policy to provide sex offender treatment, was not in effect when the plaintiff began his incarceration. *Complaint*, p. 11. Therefore, the plaintiff argues that application of AR 700-19 to him is an ex post facto violation. Id.

Ex post facto legislation is prohibited by Article I, Section 10 of the United States Constitution. The United States Supreme Court has defined ex post facto legislation as

> any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed.

Beazell v. Ohio, 269 U.S. 167, 169-70 (1925).

---

[5] I may take judicial notice of the record in Beebe. Fed.R.Evid. 201.

The administrative procedure does not criminalize conduct that was legal before its enactment. Chambers v. Colorado Department of Corrections, 205 F.3d 1237, 1242 (10th Cir. 2000). Moreover, application of the administrative procedure has not increased the plaintiff's punishment because, as discussed below, he has no vested right in a particular parole date. Id. Accordingly, the plaintiff's ex post facto claim is without merit.

### 5. Ineligibility for Parole

The plaintiff asserts that defendants Ortiz and Zavaras have changed his sex offender designation code to show that he has refused sex offender treatment, which has resulted in ineligibility for parole. *Complaint*, pp. 12-13, ¶ 2. The plaintiff further asserts that under Beebe, his ineligibility for parole is in violation of his due process rights.[6] Id.

In Beebe, 333 F. Supp.2d at 1016-17, the court held that an inmate sentenced to a term of three years to life under section 18-3-305(1) of the Colorado Sex Offender Lifetime Supervision Act had a liberty interest in obtaining sex offender treatment. The court based its finding on the

---

[6]In addition to challenging his ineligibility for parole, the plaintiff seeks immediate release. *Complaint*, p. 48. The plaintiff's request for immediate release is improper in an action brought pursuant to 42 U.S.C. § 1983:

> "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Layton v. Willingham, 726 F.2d 631, 635 (10th Cir.1984); Henderson v. Secretary of Corrections, 518 F.2d 694, 695 (10th Cir.1975); Gregory v. Wyse, 512 F.2d 378, 381 (10th Cir.1975). Because "Congress has determined that habeas corpus is the appropriate remedy ... that specific determination must override the general terms of § 1983." Preiser v. Rodriguez, 411 U.S. at 490.

Rather v. Romer, 930 F.2d 34, 1991 WL 50541 at *1 (10th Cir. April 8, 1991).

fact that Mr. Beebe is serving an indeterminate sentence, and under the statute only successful therapy can shorten his term of incarceration.

Unlike Mr. Beebe, the plaintiff was not sentenced under the Colorado Sex Offender Lifetime Supervision Act, he is not subject to an indeterminate life sentence, and his release from incarceration does not depend on completion of the SOTMP. To the contrary, the plaintiff has a definitive sentence of thirty one years, and he must be released at the end of his sentence regardless of whether he has completed the SOTMP. The plaintiff's reliance on Beebe is misplaced.

The plaintiff's due process rights are triggered only if he has been deprived of a protected liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Therefore, the plaintiff does not have a constitutionally created liberty interest in eligibility for parole. Although a state may create a liberty interest by including mandatory language in a parole statute which limits the parole board's discretion or otherwise creates a presumption of release, id. at 8-11, the plaintiff possesses "no vested right in a particular parole date or parole hearing eligibility date." Chambers, 205 F.3d at 1242. The Colorado State parole statute gives the Colorado State Parole Board "sole power to grant or refuse to grant parole." § 17-2-201(5)(a), C.R.S.

I respectfully RECOMMEND that the defendants' Motion be GRANTED insofar as it seeks summary judgment on Claim One.

## B. Claim Two

In Claim Two, the plaintiff alleges that defendants Ortiz, Zavaras, Stanley, and Michaud are denying him earned time and good time, which is resulting in "an extra 10 years on his sentence." *Complaint*, p. 21 (caption). He claims that the denial of earned time and good time violates state statutes,[7] the Due Process Clause, the Equal Protection Clause, and the Ex Post Facto Clause. Id. at p. 28.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quotations and citation omitted).

The plaintiff devotes eight typewritten pages to this claim, wherein he strenuously argues that he has a liberty interest in good time and earned time. *Complaint*, pp. 21-28. He does not allege any facts regarding equal protection.

As to the Ex Post Facto clause, he states only the following:

> AR 150-01 is the only way authorized for Defendants[] Ortiz,
> Zavaras, . . . and Stommel to take earned time from an offender.
> There is no place in it where it authorizes taking any time for none
> [sic] participation in programs that applies [sic] to Petitioner
> without violating ex post facto laws.

Id. at p. 27, ¶ 5. This conclusory allegation is not sufficient to invoke the Ex Post Facto Clause.

As to the plaintiff's due process claim, the Constitution does not create a liberty interest in good time or earned time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Therefore, the plaintiff's liberty interest, if it exists, must be created by state law. State law may create a liberty

---

[7]I address all state law claims in a separate section at the end of this Recommendation.

interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Colorado law has not created a liberty interest in good time or earned time credits. Section 17-22.5-301(3) provides that "[e]ach person sentenced for a crime committed on or after July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section shall not vest and may be withheld or deducted by the department." Section 17-22.5-405, C.R.S., provides that "[e]arned time, not to exceed ten days for each month of incarceration or parole, may be deducted from the inmate's sentence...." C.R.S. § 17-22.5-405(1). Thus, the decision to grant or deny good time and earned time credit lies within the discretion of the Department of Corrections, and the DOC's failure to award good time or earned time credits does not result in an atypical and significant hardship in relation to the ordinary incidents of prison life. In addition, under Colorado law, earned time credits are applied to determine parole eligibility, not to determine a mandatory release date. Meyers v. Price, 842 P.2d 229, 231-32 (Colo. 1992). The DOC's decision not to award earned time credits cannot, therefore, implicate a liberty interest. See Sandin 515 U.S. at 487.

I respectfully RECOMMEND that the defendants' Motion be GRANTED insofar as it seeks summary judgment on Claim Two.

### C. Claim Three

#### 1. Violation of Court's Order

The plaintiff asserts that defendants Ritter, Stanley, and Michaud are violating the court's order that the plaintiff continue in sex offender treatment. *Complaint*, p. 29 (caption). The plaintiff further asserts that, in violation of his due process rights, he is being denied parole

14

because he hasn't completed SOTMP. Id. at p. 30, ¶ B. This claim is redundant and is addressed in my analysis of Claim One.

### 2. Application of Laws Created After Plaintiff was Charged

The plaintiff asserts that defendants Stanley and Michaud are applying 2006 standards of parole to the plaintiff, who was charged for his crime in 1993, in violation of "an ex post facto rule." Id. The plaintiff further asserts that he is being denied parole under laws that were created after he was charged for his crime in violation of the ex post facto law and his equal protection rights. Id. at pp. 30, 33. The plaintiff's ex post facto argument is repetitive of the ex post facto argument presented in Claim One, and the plaintiff does not allege any facts to state a claim for violation of his equal protection rights.

### 3. Denial of Parole

The plaintiff asserts that defendant Ritter is denying the plaintiff his right to see an unbiased parole board, "who have not made their decision before seeing the Petitioner." Id. He further asserts that defendant Ritter is "creating a special class of prisoners based on a certain crime based on faulty facts and lies provided by the Defendants, Ortiz, Zavaras, . . . and Stommel as shown in *Beebe supra*." Id. Specifically, Ritter has a "no parole policy when it comes to sex offenders."[8] Id. at pp. 31, 32. Finally, the plaintiff asserts that defendants Stanley and Michaud have no good reason to deny parole to the plaintiff, so they must be pre-deciding to deny parole in violation of his due process rights. Id. at pp. 31, 32-33.

---

[8] He also asserts that he has been classified as a violent offender, which makes him ineligible for parole. Id. at p. 31. I address this claim in my analysis of Claim Four.

15

The plaintiff is attacking the denial of his parole. The Parole Board's decision may not be reversed unless it is arbitrary or capricious or an abuse of discretion. Misasi v. United States Parole Commission, 835 F.2d 754, 758 (10th Cir. 1987).

The following facts are undisputed:

1. On January 23, 2006, the plaintiff was interviewed by Matthew Rhodes, a member of the Parole Board, for the purpose of determining whether he should be recommended for parole. *Motion*, Ex. 2.

2. Mr. Rhodes took into consideration the interview, the information presented by the plaintiff's case manager, a review of the DOC working file, the offenses for which the plaintiff was sentenced, his time served, and the statutory guidelines in section 17-22.5-404, C.R.S. Id.

3. Mr. Rhodes did not recommend that the plaintiff be paroled, and he deferred the plaintiff's next parole interview until January 2009. Id.

4. Mr. Rhodes' decision was based on aggravating factors/inadequate time served (circumstances of the offense) and on the plaintiff's need for continued sex offender treatment. Id.

Mr. Rhodes' reasons for denying parole are not arbitrary or capricious and are not an abuse of discretion. Schuemann v. Colorado State Board of Adult Parole, 624 F.2d 172, 174 (10th Cir. 1980) (holding that the Parole Board's determination that an inmate had not served sufficient time for a serious offense is "a sufficient and proper reason" to deny parole).

As to the plaintiff's allegation that the Parole Board improperly conditioned parole on the requirement he undergo sex offender treatment, "[w]here the denial of parole rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998)

16

(citation and quotations omitted). Because the Parole Board based its decision on at least one constitutionally sound reason, I need not determine the propriety of the Parole Board's decision regarding the plaintiff's need for continued sex offender treatment.

I respectfully RECOMMEND that the defendants' Motion be GRANTED insofar as it seeks summary judgment on Claim Three.

### D.  Claim Four

Claim Four alleges that defendants Ortiz, Zavaras, Stanley, and Michaud are classifying the plaintiff as a violent offender. *Complaint*, pp. 36-37. This classification makes him ineligible for parole until he has served 75% of his sentence "which is the maximum release date anyway." "This fact makes [the plaintiff] ineligible for parole at any time during his sentence." Id. at p. 37. The plaintiff claims the defendants are in violation of state statutes, ex post facto laws, equal protection, due process, and "a Sixth Amendment right to a jury finding all the facts." Id. at p. 37, 38, 40.

The allegations of the Complaint belie this claim. The plaintiff alleges that he was denied parole on January 23, 2006, and he attaches to the Complaint the Parole Board's denial of parole. *Complaint*, p. 29 and Ex. 2. Indeed, many of the plaintiff's claims are based on the fact that the plaintiff was considered for parole (*i.e.*, was eligible for parole) and was denied parole.

Moreover, the defendants provide evidence that the plaintiff is not classified as a violent offender; he is classified as a sex offender, *Motion*, Ex. 1, ¶ 6; Ex. 3, ¶ 4, and he had a parole eligibility date of March 6, 2006, based on 50% of his sentence. Id. at Ex. 1, ¶¶ 6-7.

I respectfully RECOMMEND that the defendants' Motion be GRANTED insofar as it seeks summary judgment on Claim Four.

17

### E. Violations of State Law

The plaintiff asserts throughout the Complaint that defendants have violated various state statutes. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state law claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because I recommend summary judgment in favor of the defendants on the plaintiff's constitutional claims, I recommend that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

### IV. CONCLUSION

I respectfully RECOMMEND that Defendants' Motion for Summary Judgment be GRANTED and that summary judgment enter in favor of the defendants on all of the plaintiff's constitutional claims.

I further RECOMMEND that the Court decline to exercise supplemental jurisdiction over the remaining state law claims, and that the state law claims be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 5, 2008.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge